J-S72021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                                        :
              v.                        :
                                        :
                                        :
JOSHUA RONALD BOYER                      :
                                        :
              Appellant                 :   No. 861 MDA 2018

Appeal from the PCRA Order May 2, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005187-2013

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 11, 2019**

Appellant, Joshua Ronald Boyer, appeals from the order denying his

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541–9546.  We affirm.

The PCRA court summarized the facts and procedural history as follows:

> In this matter, the Commonwealth charged that Appellant
> engaged in sexual behavior with an alleged victim on various
> occasions between 2004 and 2006, when the victim was between
> 12 and 14 years of age.  (See Police Criminal Complaint, 9/16/13).
> On August 19, 2014, Appellant pleaded *nolo contendere* to two
> counts (Counts I and II) of Involuntary Deviate Sexual Intercourse
> with a Child, in violation of 18 Pa.C.S. § 3123(b); one count
> (Count III) of Aggravated Indecent Assault of a Child, in violation
> of 18 Pa.C.S. § 3125(b); and one count (Count V) of Aggravated
> Indecent Assault of a Complainant Less Than 16 Years of Age, in
> violation of 18 Pa.C.S. § 3125(a)(8).  Appellant was sentenced on
> January 20, 2015.  At Count I, Appellant was sentenced to 3.5 to
> 7 years of state incarceration, and at Count II, he was sentenced
> to 3.5 to 7 years of state incarceration to run consecutive with
> Count I.  On Count III, Appellant was sentenced to 5 years state
> probation to run consecutive with Counts I and II, and on Count

V, he was sentenced to an additional 5 years of state probation to run consecutively with Counts I, II, and III. This [c]ourt also deemed Appellant to be a sexually violent predator ("SVP"). (See Notes of Testimony, SVP Hearing dated January 20, 2015, hereinafter "N.T.," at 30). Pursuant to provisions of the Sex Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.41, in effect at the time of Appellant's sentencing, Appellant's designation as an SVP, as well as the nature of his offenses, required him to register for life with the Pennsylvania State Police to notify of his places of residence, work, and school attendance. (See N.T. 32-33, 36).

On September 19, 2017, Appellant filed a *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), and on October 2, 2017, this [c]ourt issued an Order appointing . . . PCRA counsel. Ultimately, on February 13, 2018, PCRA counsel filed an amended PCRA petition on Appellant's behalf. Appellant argued in his petition that based upon the Supreme Court of Pennsylvania's recent decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), his designation as an SVP should be revoked, and he should be relieved from the lifetime requirement of registration with the Pennsylvania State Police.

On February 21, 2018, the Commonwealth filed a response to Appellant's PCRA petition, and on May 2, 2018, this [c]ourt held a hearing on the petition. Appellant's petition for PCRA relief was denied from the bench, and a formal Order of denial was issued on the same date. On May 24, 2018, this [c]ourt received a timely Notice of Appeal filed with the Superior Court of Pennsylvania . . .

PCRA Court Opinion, 7/18/18, at 1–2. Both Appellant and the PCRA court

complied with Pa.R.A.P. 1925.

Appellant raises the following issue in his brief on appeal:

1. Whether the trial court erred in disimssing [sic] Appellant's PCRA petition as HB 631 (which was recently signed into law) is unconstitutional and punitive?[1]

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Staton*, 184 A.3d 949 (Pa. 2018). We consider the record in the light most favorable to the prevailing party in the PCRA court. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

The PCRA court concluded that Appellant's PCRA petition was untimely. PCRA Court Opinion, 7/18/18, at 3. Appellant acknowledges that the petition was untimely filed but asserts applicability of one of the timeliness exceptions, discussed *infra*. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised

---

[1] Appellant makes no argument concerning HB 631. Appellant's Brief at 11, 8–14. Significantly, Appellant did not reference HB 631 in either his *pro se* PCRA petition or the counseled amended petition. PCRA Petition, 9/19/17; Amended PCRA Petition, 2/13/18. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) (holding that claims not raised in a PCRA petition are "waived and not cognizable on appeal").

in a PCRA petition that is untimely. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant was sentenced on January 20, 2015. He did not file post-sentence motions or a direct appeal. Therefore, his judgment of sentence became final on February 19, 2015, thirty days after the time for filing a direct appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, Appellant had to file a PCRA petition by February 19, 2016, in order for it to be timely. Appellant filed the instant PCRA petition on September 19, 2017. Thus, as acknowledged by Appellant, his PCRA petition is patently untimely.

An untimely petition nevertheless may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013).

In ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), our Supreme Court held that retroactive application of the registration and reporting requirements of SORNA, 42 Pa.C.S. §§ 9799.10-9799.42, violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. ***Muniz***, 164 A.3d at 1223. Appellant contends that the decision in ***Muniz*** satisfies the newly recognized constitutional right exception to the PCRA's time bar. Appellant's Brief at 9; 42 Pa.C.S. § 9545(b)(1)(iii). This Court rejected this argument in ***Commonwealth v. Murphy***, 180 A.3d 402 (Pa. Super. 2018):

> Appellant's reliance on ***Muniz*** cannot satisfy the timeliness exception of Section 9545(b)(1)(iii). In ***Commonwealth v. Abdul-Salaam***, 812 A.2d 497 (Pa. 2002), our Supreme Court held that,
>
>> subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the

_____

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Supreme Court of the United States or this Court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* at 501.

Here, we acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy Section 9545(b)(1)(iii). *See* [*Commonwealth v.*] *Abdul-Salaam*, [812 A.2d 497 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Murphy*, 180 A.3d at 405-406.[3] Accordingly, Appellant has failed to satisfy an exception to the PCRA's time bar. Therefore, we affirm the PCRA court's order denying Appellant's untimely PCRA petition.

---

[3] As we noted in *Murphy*, "if the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, [an a]ppellant can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii)." *Murphy*, 180 A.3d at 406 n.1.

- 6 -

Because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/11/2019